UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RALEIGH ZIMMERMAN, ) | |
| ) | NO. CV-11-0097-LRS |
| Plaintiff, ) | |
| ) | **ORDER DENYING IN PART** |
| -vs- ) | **DEFENDANT'S MOTION FOR SUMMARY** |
| ) | **JUDGMENT** |
| THRIFTY PAYLESS, INC., a foreign ) | |
| corporation d/b/a RITE AID ) | |
| PHARMACY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**BEFORE THE COURT** is Defendant's Motion for Summary Judgment (**ECF No. 17**), which was orally argued on February 8, 2012. Lawrence J. Kuznetz participated on behalf of the Plaintiff and Sherida Colvin participated on behalf of the Defendant. The Court indicated at oral argument that the motion would be taken under advisement and offered preliminary comments. After careful review of the pleadings submitted by all parties and with the benefit of oral argument, this order will memorialize and supplement the preliminary comments of the Court on February 8, 2012, which are incorporated herein by reference.

**BRIEF BACKGROUND**

This case was removed to federal court based on diversity of

ORDER - 1

citizenship and supplemental jurisdiction on March 8, 2011. Plaintiff, a pharmacist, filed this disability discrimination case alleging that his employer, Defendant Thrifty Payless, Inc. d/b/a/ Rite Aid ("Defendant" or "Rite Aid") whom operates retail pharmacies throughout the State of Washington, violated the Washington Law Against Discrimination ("WLAD") by (1) discriminating against him based upon his medical disability, and (2) failing to accommodate him. Plaintiff also alleges that Rite Aid failed to pay wages owed to him under RCW 49.52.050(2).

Rite Aid argues the undisputed facts demonstrate that Plaintiff cannot establish a violation of WLAD. Plaintiff struggled to perform his job correctly, which included making errors when processing prescriptions and distributing medications to Rite Aid customers. In response to the concerns with Plaintiff's job performance and ability to perform his job in view of a newly disclosed medical condition (Bi-Polar Disorder), Rite Aid and Plaintiff participated in the interactive process while he was out of the workplace to determine whether he was capable of performing his job with or without accommodation.

Many of the facts in this case are largely undisputed and the Court will not repeat them in this order. See the parties' statement of facts (ECF Nos. 20, 25). Plaintiff's case turns in part on the reasonableness of the accommodation efforts by Rite Aid under Washington law.

**A. SUMMARY JUDGMENT STANDARD**

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56c).  In ruling on a motion for summary judgment the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986). However, when confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on his pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial.

**B. Failure to Accommodate (RCW 49.60.180)**

Defendant argues that Plaintiff's claim for failure to accommodate should be dismissed because the undisputed evidence shows Rite Aid accommodated Zimmerman to the extent possible under the law and the circumstances.  Plaintiff cannot establish that Rite Aid failed to adopt available measures medically necessary to accommodate his disability. Rite Aid argues it had no duty to accommodate Plaintiff's request to remove or eliminate essential functions. *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1089 (9th Cir. 2002) (An employer is not required to provide the accommodation the employee requests or preferences but only provide some reasonable accommodation).

Plaintiff disagrees.  Plaintiff argues Rite Aid failed to adequately participate in the interactive process and provide reasonable

ORDER - 3

accommodation to allow him to work.  Plaintiff complains it took almost nine months for Rite Aid to finally agree to bring him back to work. Plaintiff concludes there are disputed issues as to whether Rite Aid failed to engage in the interactive process and determine reasonable accommodation options.  Plaintiff concludes that Washington courts have made it clear that, whether or not an offered accommodation was reasonable, is a question fact for a jury.

Failure to reasonably accommodate a handicapped employee constitutes discrimination under RCW 49.60.180. An employee may allege failure to accommodate where the employer failed to take steps "reasonably necessary to accommodate the employee's condition." *Jane Doe v. Boeing Co.*, 121 Wash.2d 8, 17, 846 P.2d 531 (1993).  The employee also may file a disparate treatment claim if the employer discriminated against the employee because of the employee's condition.  Zimmerman, at oral argument, for all practical purposes, effectively conceded that any alleged disparate treatment claim should be dismissed.

Washington state law requires employers to reasonably accommodate a disabled employee unless the accommodation would be an undue hardship on the employer.  *Pulcino v. Federal Express Corp*., 141 Wash.2d 629, 639 (2000).  The Washington state courts have laid out four elements that an employee must show to prove discrimination based on lack of accommodation:

> (1) the employee had a sensory, mental, or physical abnormality that substantially limited his or her ability to perform the job; (2) the employee was qualified to perform the essential functions of the job in question; (3) the employee gave the employer notice of the abnormality and its accompanying

ORDER - 4

>  substantial limitations; and (4) upon notice, the
>  employer failed to affirmatively adopt measures that
>  were available to the employer and medically
>  necessary to accommodate the abnormality.

*Riehl v. Foodmaker, Inc.*, 152 Wash.2d 138, 94 P.3d 930 (2004).

Given the nature of work done by pharmacists, the performance of such employees becomes a very serious concern for the safety of all Rite Aid pharmacy customers. Sandy Krimmer (Rite Aid's District Manager) testified that Rite Aid justifiably had concerns about Plaintiff's performance. "[P]harmacists have very few misfills ... if they have one or two in a couple of years, it's a big deal." (Krimmer Tr. 52:18-22). Based on the current state of the record, this Court concludes that determination of whether someone such as Plaintiff may be helped by a reasonable accommodation is not a matter of law, but a question of fact. For these reasons, genuine issues of material fact preclude summary judgment on Plaintiff's failure to accommodate claim.

**C.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

To prevail on a claim for the tort of intentional infliction of emotional distress, also known as outrage, Plaintiff must prove that (1) defendant engaged in extreme and outrageous conduct, (2) he intentionally or recklessly inflicted emotional distress on plaintiff, and (3) it actually resulted in severe emotional distress to plaintiff. Restatement (Second) of Torts § 46; *Strong v. Terrell*, 147 Wash.App. 376 (2008).

Any claim of intentional infliction of emotional distress, or outrage, must be predicated on behavior so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and

ORDER - 5

to be regarded as atrocious, and utterly intolerable in a civilized community; but the tort does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The facts before the Court and the actions of Rite Aid complained of here by Plaintiff do not, as a matter of law, reach the threshold of outrageous behavior which is atrocious and intolerable in a civilized society. Defendant's motion for summary judgment on this claim is granted.

### D. WAGES CLAIM - RCW 49.52.050(2)

Plaintiff's wage claim is based on RCW 49.52.050(2), which provides a remedy to employees when an employer willfully pays them less than the amount a contract obligates the employer to pay. Plaintiff complains that he was not paid nor did he received medical insurance benefits during the interactive process. Plaintiff contends Rite Aid knew Plaintiff did not have any income while delaying his return to work. Citing *Ebling v. Gove's Cove, Inc.*, 34 Wn. App. 495, 500, 663 P.2d 132 (1983)[1] Plaintiff argues that a failure to pay is willful when it is the result of knowing and intentional action rather than mere carelessness. Plaintiff concludes that Rite Aid's failure to pay him, during the interactive process and when he was not working, was a violation of the statute.

Rite Aid argues that Plaintiff does not allege that he worked

---

[1] The Plaintiffs in *Ebling* argued that because the jury found the Defendant willfully and intentionally violated federal and state anti-discrimination statutes, RCW § 49.52.050(2) was violated as a matter of law, entitling Plaintiffs double damages under RCW § 49.52.070.

ORDER - 6

hours for which he received no pay. Indeed, in his declaration Plaintiff admits he did not work between February and December 2010. (ECF No. 24 at ¶ 2).  Further, Rite Aid asserts that there is no evidence of willful intent to deprive Plaintiff of wages.  Rite Aid, relying on Ninth Circuit case law, argues that Washington courts have not extended RCW §49.52.050 to situations where employers violate antidiscrimination statutes.  Rather, violations of §49.52.050 have been upheld where an employer consciously withholds a quantifiable and undisputed amount of accrued pay." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1203 (9th Cir. Wash. 2002).  Rite Aid concludes Plaintiff's wage claim is based solely on his claim of discrimination. ECF No. 27, at 12.

RCW 49.52.050(2) reads:

> **49.52.050.** Rebates of wages--False records--Penalty
> Any employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who . . .
>
> (2) Wilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract; or ...
> Shall be guilty of a misdemeanor.

It appears that under Ninth Circuit case law, Washington courts have not extended RCW §49.52.050 to situations where employers allegedly violate antidiscrimination statutes.  The Washington appellate cases that Plaintiff relies on discuss wilfulness versus

ORDER - 7

carelessness and wilfulness versus bona fide dispute. In *Simon*, the Washington Court of Appeals held:

> An employer's genuine belief that he is not obligated to pay certain wages precludes the withholding of wages from falling within the operation of RCW 49.52.050(2) and 49.52.070.

*Simon v. Riblet Tramway Co.*, 8 Wash.App. 289, 505 P.2d 1291 (1973). *See also McAnulty v. Snohomish School Dist. 201,* 9 Wash.App. 834, 838, 515 P.2d 523 (1973).

In interpreting state law, federal courts are bound by the pronouncements of the state's highest court. *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 524 (9th Cir.1989). If the particular issue has not been decided, federal courts must predict how the state's highest court would resolve it. *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir.1986), modified at 810 F.2d 1517 (9th Cir.1987). In making that prediction, federal courts look to existing state law without predicting potential changes in that law. *Moore v. R.G. Inds., Inc.*, 789 F.2d 1326, 1327 (9th Cir.1986).

The Washington Supreme Court stated in *Chelan County Deputy Sheriffs' Ass'n v. Chelan County*, 109 Wash.2d 282, 745 P.2d 1 (1987):

> Pursuant to these provisions, double damages may be awarded for a willful withholding of wages due under a statute, ordinance, or contract. Nonpayment of wages is willful in this context when it is the result of knowing and intentional action <u>and</u> not the result of a bona fide dispute as to the obligation of payment.

*Id*. at 11 [emphasis added.]

ORDER - 8

The Court finds that the current state of the record does not permit this court to decide as a matter of law whether a bona fide dispute exists concerning salary. The Court of Appeals in *Allstot v. Edwards*, 114 Wn. App. 625 (2002), which advises that we are to liberally construe the statute to advance the legislative intent to protect employee wages and assure payment, and described a "bona fide dispute" as a dispute that is fairly debatable over whether all or a portion of the wages must be paid. *Id*. at 634. The Allstot court held that wilful and intentional failure to pay wages is a question of fact. *Id*. at 635. Accordingly, this judicial officer concludes that the application of the statute to the facts of this case will abide trial and the presentation of the evidence developed by the parties.

**D. GENUINE ISSUES OF MATERIAL FACT EXIST**

The Court finds there are genuine issues of material fact, which bar summary judgment at this juncture, as to whether Rite Aid failed to accommodate Mr. Zimmerman's disability. As Plaintiff correctly notes, the issue of accommodation is generally one for the jury. *Pulcino v. Federal Express Corp*., 141 Wn.2d 629 (2000). There is also a genuine issue of material fact as to whether Rite Aid had a bona fide belief that it was not obligated to pay Plaintiff. These issues bar summary judgment on those claims.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment (**ECF No. 17**) is **DENIED IN PART** and **GRANTED IN PART**. Plaintiff's claims for intentional

infliction of emotional distress and alleged disparate treatment are hereby dismissed.

    2.  The parties' joint request for deadline extensions was approved by the Court.  In accordance Fed.R.Civ.P. 26(a)(3), exhibit and witness lists shall be filed and served, and exhibits made available for inspection (or copies provided), on or before **February 21, 2012**.  Any objection to use of a deposition or an exhibit proposed by an opponent shall be filed and served by **March 9, 2012**, and shall be heard at the pretrial conference.  On **March 28, 2012**, the parties shall also submit a bound and tabbed bench copy of their exhibits for the Court's reference at the pretrial conference and during trial.

    **IT IS SO ORDERED**.  The Clerk is hereby directed to file this order and provide copies to counsel.

    **DATED** this 14th day of February, 2012.

                                *s/Lonny R. Suko*
                          _____
                                LONNY R. SUKO
                       UNITED STATES DISTRICT JUDGE

ORDER - 10